UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GULF SOUTH MEDICAL & SURGICAL INSTITUTE, INC.** | * | CIVIL ACTION |
| **VERSUS** | * | NO. 06-3474 |
| **JAMES RIVER INSURANCE COMPANY** | * | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is the Defendant's Objections and Motion to Strike Third Party Demand (Rec. Doc. 11). For the following reasons, the Defendant's motion is GRANTED.

### I. BACKGROUND

Gulf South Medical & Surgical Institute, Inc. ("Gulf South") filed a complaint in this Court on July 3, 2006 against The James River Insurance Company ("James River") seeking payment under an insurance policy for various losses to its healthcare facilities arising out of Hurricane Katrina, in addition to bad-faith penalties under Louisiana law. Federal jurisdiction is founded solely upon diversity of citizenship pursuant to 28 U.S.C. § 1332, as Gulf South asserts no federal law causes of action.[1]

On September 27, 2006, James River answered Gulf South's complaint, and asserted a declaratory judgment counterclaim. Specifically, James River seeks a declaration that under the policy at issue, Gulf South only acquired business interruption insurance for a single location, namely 3705 Florida Avenue, and that its other facilities remain uninsured in this respect.

On February 2, 2007, Gulf South answered the counterclaim and, pursuant to Rule 14(b),

---

[1] It is undisputed that Gulf South and James River are diverse and that amount-in-controversy requirement is satisfied in this case.

filed a third-party complaint against its insurance agent, Eagan Insurance Agency, its broker, Integrity Brokers and Underwriters, Inc., and their respective errors and omissions insurers, sued nominally as ABC and XYZ Insurance Companies.  Gulf South alleges that its agent and broker made various misrepresentations and failed to procure adequate insurance.  Both Eagan and Interity are Louisiana citizens, the citizenship of their errors and omissions insurers is unknown.

## II.     PRESENT MOTION

James River now moves to strike Gulf South's third-party demand pursuant to 28 U.S.C. § 1332(b), which provides that when the court's original jurisdiction is founded solely on diversity of citizenship, the court "shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."[2]

Gulf South contends that the third-parties are not "indispensable parties" pursuant to Rule 19(b), and thus that the Court may retain jurisdiction over the entire matter under the rule announced in *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991) and subsequent cases.

## III.    LAW & ANALYSIS

The United States Supreme Court stated in *Freeport-McMoRan* that "[d]iversity jursidiction, once established, is not defeated by the addition of a nondiverse party to the action."

---

[2] In the event that Gulf South seeks to dismiss the instant action against James River, the defendant asks this Court to retain jurisdiction over its declaratory judgment counterclaim pursuant to Rule 41(a)(2).  The Court will not reach this issue today, as Gulf South has not moved to voluntarily dismiss its original action.

498 U.S. at 428.  The Fifth Circuit has noted that "[t]here are good reasons, however, to read this broad statement as *dictum* and to understand *Freeport-McMoRan* as limited to the context of an addition under Fed. R. Civ. P. 25."  *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 680 (5th Cir. 1999).  As explained below, the Court need not read *Freeport-McMoRan* so narrowly, as it does not govern the instant situation.

Section 1367(b) provides that when the district court's original jurisdiction is founded solely on diversity of citizenship, as is the case here, the court "shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24."  28 U.S.C. § 1367.  Because Gulf South brought in the third-party defendants under Rule 14, "the plain language of § 1367(b) appears to prohibit the Court from exercising supplemental jurisdiction over [Gulf South's] third-party action against them."  *Chase Manhattan Bank, N.A. v. Aldridge*, 906 F. Supp. 866, 868 (S.D.N.Y. 1995); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1977) ("A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen the federal rather than the state forum and must thus accept its limitations.  The efficiency plaintiff seeks so avidly is available without question in the state courts.") (internal quotations omitted).

Gulf South contends that the third parties are not "indispensable," and thus that their addition at this stage of the litigation does not destroy the Court's diversity jurisdiction.  *See Whalen v. Carter*, 954 F.2d 1087, 1096 (5th Cir. 1992).  The Court agrees that the third parties are not "indispensable" within the meaning of Rule 19(b), but this does not end the present inquiry.  The Court recognizes that its original subject matter jurisdiction over Gulf South's claims against James River and James River's counterclaim against Gulf South, both founded

upon diversity of citizenship, is unaffected by Gulf South's third-party demand. This is the teaching of *Freeport-McMoHan* and its progeny. The issue presented here is whether Gulf South's third-party state-law claims against non-diverse defendants "satisfy ordinary jurisdictional requirements," given that Rule 14 does not "provide an independent and sufficient basis for subject matter jurisdiction." *Aldridge*, 906 F. Supp. at 868. The Court finds that they do not.[3]

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Defendant's motion to strike is GRANTED and that Gulf South's "Third Party Complaint" is hereby STRICKEN in its entirety. The Court retains jurisdiction over all remaining claims.

New Orleans, Louisiana, this   29th   day of   March  , 2007.

UNITED STATES DISTRICT JUDGE

---

[3] While it is conceivable that the nominal third-party defendants may be diverse from Gulf South, once Eagan and Interity are dismissed from this action, the Court can find no reason to retain jurisdiction over the errors and omissions insurers.